**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, JOHN BONILLA, in their respective capacities as trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHONY KENNETH BARBARIA, individually and doing business as AKB GRADING, <br><br> Defendant. _____ / | No. C-04-4581 MMC <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT; VACATING HEARING** <br><br> (Docket No. 10) |

Before the Court is the motion for default judgment against defendant Anthony Kenneth Barbaria, individually and doing business as AKB Grading ("Barbaria"), filed April 19, 2005 by plaintiffs Gil Crosthwaite, John Bonilla, in their respective capacities as trustees of the Operating Engineers Health and Welfare Trust Fund for Northern California; Pension Trust Fund for Operating Engineers; Pensioned Operating Engineers Health and Welfare Fund; Operating Engineers and Participating Employers Pre-Apprenticeship, Apprentice and Journeymen Affirmative Action Training Fund; Operating Engineers Vacation and Holiday Plan; Operating Engineers Contract Administration Trust Fund; Operating Engineers Market Preservation Trust Fund; Operating Engineers Industry

Stabilization Trust Fund; Business Development Trust Fund; and Heavy and Highway Committee ("Trust Funds"). No opposition has been filed.  Having read and considered the papers filed in support of the motion, the Court finds the matter appropriate for resolution without oral argument, and hereby VACATES the May 27, 2005 hearing.  For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

Barbaria and Operating Engineers Local Union No. 3 entered into a collective bargaining agreement titled "Independent Northern California Construction Agreement" ("Collective Bargaining Agreement").  (See Declaration of Wayne E. McBride ("McBride Decl.") ¶ 3 and Ex. A (Collective Bargaining Agreement).)  The Collective Bargaining Agreement incorporates the terms of the Operating Engineers' Master Agreement for Northern California ("Master Agreement").  (See McBride Decl. Ex. A § 2 and Ex. B (Master Agreement).)  According to the terms of the Master Agreement, Barbaria agreed to pay certain contributions into the Trust Funds.  (See McBride Decl. Ex. B § 12.00.00.)  In the event of delinquent contributions, the Master Agreement provides for payment of liquidated damages, interest, and attorneys' fees and costs.  (See id. §§ 12.13.00-.02.)

The Trust Funds allege in their complaint that Barbaria failed and refused to pay the amounts due to the Trust Funds for the period February 2004 through March 2004.  The Trust Funds seek damages for delinquent contributions, liquidated damages, and interest, as well as court costs and attorneys' fees.

Barbaria failed to answer the Trust Funds' complaint.  The Trust Funds applied for entry of default, which the Clerk of the Court entered on January 24, 2005.  The Trust Funds now move for default judgment.

## LEGAL STANDARD

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, entry of default does not automatically entitle plaintiff to a judgment.  Fed. R. Civ. P. 55(b)(2).  A decision to grant or deny default judgment lies within the court's sound discretion.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). "The general rule of law is that upon default

the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977)). In addition, "[a] judgment by default shall not be different from or exceed in amount that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c).  The Court may hold such hearings as it deems necessary in order to determine the amount of damages, to establish the truth of any averment by evidence, or to make an investigation of any other matter necessary in order to enable the Court to enter judgment or to carry it into effect.  See Fed. R. Civ. P. 55(b)(2).

        The Court may deny a motion for default judgment where it determines no meritorious claim has been alleged.  See Aldabe, 616 F.2d at 1092-93.  Although well-pleaded allegations in the complaint are admitted by the defendant's failure to respond, a default does not admit allegations that are mere conclusions of law.  See Nishimatsu Construction Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).  "Necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of No. America, 980 F.2d 1261, 1267 (9th Cir. 1992).  Accordingly, if the complaint omits allegations essential to recovery, a default judgment cannot stand.  See Nishimatsu, 515 F.2d at 1206.

**DISCUSSION**

**1.    Delinquent Contributions and Liquidated Damages**

        The Trust Funds seek an award of $6005.25 in delinquent contributions and $973.48 in liquidated damages. In support of this claim, the Trust Funds submit a declaration from Wayne E. McBride, Collections Manager for the Operating Engineers Local Union No. 3 Trust Funds.  As set forth in his declaration, McBride oversees payment of employer contributions pursuant to collective bargaining agreements and trust agreements, and is familiar with internal accounting reports regarding delinquent contributions owed by employers under collective bargaining agreements.  (See McBride Decl. ¶ 1.)  McBride attests that in the course of his duties as Collections Manager, he has obtained personal

knowledge of Barbaria's account. (See id.)

### a. Delinquent Contributions

McBride identifies the sections of the Master Agreement wherein Barbaria is required to make monthly payments to the funds on behalf of the covered employees. (See McBride Decl. ¶¶ 3-4 and Exs. A and B §§ 12.00.00 et seq.) McBride also identifies the sections of the Master Agreement providing for attorneys' fees and court costs in the event of suit. (See id. ¶ 10 and Exs A and B § 12.13.02.) McBride attaches a copy of his computations of the contributions, liquidated damages, and interest owed by Barbaria. (See McBride Decl. ¶ 8 and Ex. D.) McBride attests that the contributions due are based upon the fringe benefit reporting submitted by and on behalf of AKB Grading for the period of February 2004 through March 2004. (See id. ¶ 9.)

The Court finds McBride's declaration provides sufficient evidentiary support for the Trust Funds' claim for $6005.25 in delinquent contributions.

### b. Liquidated Damages

The Master Agreement provides that the Trust Funds shall receive liquidated damages of either thirty-five dollars ($35) or fifteen percent (15%) of the delinquent contributions, whichever is greater, for each failure to pay in full within the time provided. (See McBride Decl. Ex. B § 12.13.00.) McBride attests that the Trust Funds are entitled to $973.48 in liquidated damages. (See McBride Decl. Ex. D.) That amount, however, is not 15% of the $6005.25 in delinquent contributions. The correct amount is $900.79, which is 15% of $6005.25 (15% of $2509.20 for February 2004 plus 15% of $3496.05 for March 2004). (See id.)

The Court finds sufficient evidentiary support for an award of liquidated damages in the amount of $900.79.

### 2. Interest

The Master Agreement provides that the sum of the delinquent contributions and liquidated damages due shall bear interest at the rate of twelve percent (12%) per annum until paid, beginning on the date immediately following the date on which the employer

becomes delinquent. (See McBride Decl. Ex. B § 12.13.00.) The Master Agreement also states that an employer is delinquent if payment is not received by the 25th day of the month following the month in which an employee performed work covered by the Master Agreement. (See id. § 12.01.00.)

Barbaria failed to pay contributions in February 2004 and March 2004. (See id.) Interest started accruing March 26, 2004 on $2885.58, which is the sum of delinquent contributions and liquidated damages for the month of February. There are 416 days from March 26, 2004 to May 16, 2005. Thus, the total interest on the February 2004 delinquent contributions is $394.65. Interest started accruing April 26, 2004 on $4020.46, which is the sum of delinquent contributions and liquidated damages for the month of March. There are 385 days from April 26, 2004 to May 16, 2005. Thus, the total interest on the March 2004 delinquent contributions is $508.89.

The Court finds sufficient evidentiary support for an award of interest in the amount of $903.54 through May 16, 2005, and an additional $2.27 per day until paid.

### 3. Attorneys' Fees and Costs

The Master Agreement further provides for an award of reasonable attorneys' fees and court costs incurred by the Trust Funds in collecting delinquent contributions. (See McBride Decl. Ex. B § 12.13.02.) The Trust Funds submit the declaration of Tracy L. Mainguy, attorney for the Trust Funds, in support of their claim for fees and costs. According to that declaration, Mainguy performed services totaling $1622.50, for reviewing, preparing, and drafting documents, calculated at a billing rate of $150.00 per hour. (See Mainguy Decl. ¶ 2-3.) Mainguy also expended $229.50 in costs for filing the complaint and for service of process. (See id. ¶ 4.)

The Court finds both the billing rate of $150.00 per hour and the work performed to be reasonable, and finds sufficient evidentiary support for an award of attorneys' fees in the amount of $1622.50 and costs in the amount of $229.50.

### CONCLUSION

For the reasons set forth above, plaintiffs' motion for default judgment is hereby

GRANTED, and judgment shall be entered against Barbaria in the amount of $6,005.25 in delinquent contributions, $900.79 in liquidated damages, $903.54 in interest through May 16, 2005, $1622.50 in attorneys' fees, and $229.50 in costs, for a total award of $9661.58.  Interest shall continue to accrue at $2.27 per day, from May 16, 2005 until the judgment is paid.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 16, 2005

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge